NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 4 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL E. HEILBRUN, | No. 16-35640 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-01052-SI |
| v. | |
| CITY OF PORTLAND; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Submitted September 26, 2017[**]

Before:    SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

Michael E. Heilbrun, an Oregon state prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging federal

and state law claims.  We review de novo a dismissal under *Heck v. Humphrey*,

512 U.S. 477 (1994).  *Whitaker v. Garcetti*, 486 F.3d 572, 579 (9th Cir. 2007).  We

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

affirm in part, vacate in part, and remand.

To the extent that Heilbrun alleged that he was wrongfully convicted of parole violations, the district court properly dismissed these claims as *Heck*-barred because success on these claims would necessarily imply the invalidity of Heilbrun's conviction and sentence. *See Heck*, 512 U.S. at 486-87 (explaining that if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated").

However, as to the remaining claims, the district court did not address Heilbrun's allegations in his verified complaint that adverse side effects from pain medication and failure to install safety measures resulted in his back injury, and that he was administered medication without his informed consent. *See DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 200 (1989) (explaining that the state has a duty to provide inmates with "basic human needs," including medical care and "reasonable safety"); *Johnson v. Meltzer*, 134 F.3d 1393, 1397 (9th Cir. 1998) ("[D]ue process requires that if a doctor gives a drug to an inmate without his consent, the drug must be medically appropriate."). We vacate the judgment in part, and remand for the district court to consider these allegations in

2                                                                                            16-35640

the first instance, and to determine whether leave to amend would be appropriate. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) ("[A] pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action.").

**AFFIRMED in part, VACATED in part, and REMANDED.**